UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01246-AH-DFM | | Date: | April 2, 2026 |
|---|---|---|---|---|
| Title | Ambartsum Simonian v. James Janecka et al. | | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) Order to Show Cause**

On March 17, 2026, Petitioner Ambartsum Simonian filed a counseled Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 on the grounds that his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment Due Process Clause. See Dkt. 1 at ¶¶ 30-42. Petitioner requests, inter alia, that the Court "[i]ssue a writ of habeas corpus directing Respondents to immediately release Petitioner from immigration custody under reasonable conditions of supervision . . . or, in the alternative, [o]rder Respondents to provide Petitioner with a prompt, individualized bond hearing before a natural decisionmaker by a date certain." Id. at 8-9.

In the same document, Petitioner filed an Emergency Motion for Temporary Restraining Order ("TRO"). See id. On March 20, 2026, Respondents filed a response to the TRO, acknowledging that Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). See Dkt. 6 at 2. Respondents further acknowledged that Petitioner's claim appears to be subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings. See id. at 2-3.

On March 25, 2026, the District Judge held a hearing at which she converted the TRO into a motion for a preliminary injunction, granted the motion in part, and ordered Respondents to provide Petitioner with a bond hearing before an immigration judge within seven (7) days, i.e. by April 1, 2026. See Dkt. 8. On March 26, 2026, the District Judge followed up her verbal order with a written order. See Dkt. 9.

| CV-90 (12/02) | CIVIL MINUTES-GENERAL | Initials of Deputy Clerk: nb |
|---|---|---|
| | | Page 1 of 2 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988) (citations omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (citation omitted).

Here, because the Petition seeks release from detention or a bond hearing and the District Judge ordered Petitioner to be provided with a bond hearing, it appears that the claims may now be fully resolved. See id. at 1065; see also Megwa v. United States Immigr. and Customs Enforcement Field Off. Dir., No. 23-01881, 2024 WL 1722825, at *1 (W.D. Wash. Apr. 1, 2024) (finding petition moot where immigration detainee sought release from detention or a bond hearing and was subsequently released from custody on bond).

Accordingly, **Petitioner is ORDERED TO SHOW CAUSE within seven (7) days of the date of this Order why the Petition should not be dismissed as moot.** In the filing, Petitioner should update the Court on the outcome of the bond hearing ordered by the District Judge. If Petitioner claims that the case is not moot, he must make clear what relief he seeks that has not already been provided. In lieu of a written response, the Court will construe the filing of a notice of voluntary dismissal as sufficient to discharge this Order.